AETNA CASUALTY & SURETY Co. v. McDOUGALL Co.

150 So. 632.

Division A.

Opinion Filed October 19, 1933.

*Blakewell & Gray* and *A. Y. Clement,* for Appellant.

*Miller & McKay,* for Appellee.

DAVIS, C. J.—The Aetna Casualty & Surety Company "went on" a bond given to secure release of a garnishment, conditioned to pay judgment which might be obtained by plaintiff in the main suit in which the garnishment was issued. That suit had been brought in the Civil Court of Record of Dade County.

Judgment was obtained in the suit for $2,351.57 and costs, in favor of the plaintiff, McDougall Company, against

Gulf States Furniture Company, so the garnishment release bond, running in favor of the garnishor, McDougall Company, was breached and the garnishor accordingly sued the surety, the plaintiff in error here, to collect the amount of damages that was recoverable on the bond. Judgment was also entered in the last mentioned suit in favor of McDougall Company against Aetna Casualty & Surety Company, this time on the broken bond.

After judgment against the surety company had been entered, that company made a motion in the court in which the same was pending, asking that the judgment be opened up to let in a defense which it claimed to have discovered subsequent to the judgment. This defense was to the effect that the first mentioned judgment, upon which the breach of the bond had been predicated in the suit against the surety, was void and accordingly the bond was not breached. The Civil Court of Record denied the last mentioned motion.

The present appeal is from an order dismissing a bill in equity filed by the surety company in effect collaterally attacking both judgments, by seeking to enjoin the enforcement of the last judgment which was rendered against the surety company, on the basis of the rendition of the first judgment against the defendant in garnishment.

Assuming (but not deciding) that a judgment has been improperly rendered by a Civil Court of Record on one count of a seven-count declaration, without disposing of the issues that have been raised by pleas interposed to the other six counts, left standing undisposed of, such defect in the judgment would be patent on the face of the record of the proceedings and no possible excuse could exist for the failure of the surety company to discover and plead such invalidity of the first judgment, during the time the suit at law was pending against the surety company in an

effort to obtain the second judgment, which latter judgment was against the surety on the bond given to pay the first judgment.

For the reason just stated, no showing was made of any right to go into a court of equity for relief against the last judgment at law, on the authority of Baltzell v. Randolph, 9 Fla. 366. The authority just cited is only applicable to cases where relief is sought in equity against a judgment at law, and it is made to appear that the judgment complained of was rendered at a stage of the law case when the circumstances constituting the defense, made the basis for relief in equity, could not at the time of the pendency of the suit at law, or under any circumstances in that suit, have been made available in the suit at law, for the reason that the state of facts constituting the defense could not, by ordinary diligence, have been discovered in time to plead it in the case at law.

Decree appealed from affirmed.

WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., not participating.